## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 05-cv-02334-REB

CHERYL J. SIMON,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed November 17, 2005, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of anxiety disorder with panic attacks and agoraphobia. After her application for disability insurance benefits was denied,[1] plaintiff requested a hearing before an administrative law judge. This hearing

---

[1] This was actually plaintiff's second application for disability insurance benefits. Her first application was denied on the basis that she did not have sufficient coverage. Although plaintiff was approved for supplemental security income benefits under Title XVI, she declined these benefits in lieu of an investigation into the coverage issue. As a result of the Commissioner's investigation, plaintiff was credited with additional earnings, after which she filed the application that is the subject of the present appeal.

was held on September 23, 2004.  At the time of the hearing, plaintiff was 48 years old.  She holds an Associates Degree in merchandising and has past relevant work experience as a sales clerk, waitress/cook, and appointment clerk.  She has not engaged in substantial gainful activity since June 1, 1988.

The ALJ found that plaintiff had not carried her burden of proof to demonstrate that she should be credited with additional quarters of coverage for 1983 and 1986, and, therefore, that she remained insured only through June 30, 1989.  Moreover, the judge found that plaintiff had not shown that her medically determinable impairments significantly limited her ability to perform basic work-related functions prior to her date last insured and thus were not "severe" within the meaning of the regulations.  He therefore found plaintiff not disabled at step two of the sequential evaluation.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a

finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ erred by 1) failing to credit her with additional quarters of coverage for 1983 and 1986; 2) conflating the step two determination of severity with the step three determination of the date of presumptive disability under the listings; and

4

3) improperly evaluating medical source opinions regarding plaintiff's mental symptoms based on his assessment of plaintiff's credibility. None of these arguments ultimately has traction.

Plaintiff first claims that the ALJ erroneously failed to credit her with additional wages in 1983 and 1986. In order to be entitled to disability insurance benefits, a claimant must have at least 20 quarters of coverage within the 40 quarters prior to the date of disability. 20 C.F.R. § 404.130(b).[2] After receiving a statement of earnings in connection with her initial application for benefits, plaintiff requested an investigation, alleging that she had earnings from 1982 through 1986 that were not included in the calculation of her date last insured. As a result of the resulting administrative investigation, additional earnings for 1980, 1981, and 1982 were posted to plaintiff's record, which, in turn, made plaintiff's date last insured June 30, 1989. If plaintiff were credited with additional earnings in 1983 and 1986, however, her date last insured would be December 31, 1995.

Plaintiff first suggests that the ALJ applied the wrong legal standard in assessing her right to seek amendment of her wage records. The regulations provide that "[b]efore the time limit ends for any year, we will correct the record of your earnings for that year for any reason if satisfactory evidence shows SSA records are incorrect." 20 C.F.R. § 404.821. The "time limit" referred to is "3 years, 3 months, and 15 days after any year in which [plaintiff] received earnings." 20 C.F.R. § 404.802. However,

---

[2] The amount of wages and self-employment income that a claimant must earn in order to qualify for a quarter of coverage is determined by a formula set forth in the regulations. *See* 42 U.S.C. § 413.(a)(2); 20 C.F.R. § 404.143(a)(2).

> [a]fter the time limit ends for a year –
> . . . .
> (2) If SSA records show no entry of wages for an employer
> for a period in that year, our records are conclusive
> evidence that no wages were paid to you by that employer in
> that period unless one of the exceptions in
> § 404.822 applies[.]

20 C.F.R. § 404.803(c)(2). Among these exceptions, the Commissioner "may enter wages paid to you by an employer for a period if no part of those wages or less than the correct amount of those wages is entered on SSA records." 20 C.F.R. § 404.822(e)(5). Therefore, plaintiff, who contested the absence of any wage record for the years in question, is correct that the ALJ erred in finding the Commissioner's records conclusive proof that no wages were paid to plaintiff in those years. (Tr. at 29.) *See Breeden v. Weinberger*, 493 F.2d 1002, 1005 (4th Cir. 1974).

Nevertheless, this error was ultimately harmless. *See Bernal v. Bowen*, 851 F.2d 297, 302 (10th Cir. 1988); *Frazee v. Barnhart*, 259 F.Supp.2d 1182, 1200 n.22 (D. Kan. 2003). Rather than rely solely on the presumption, the ALJ went on to exhaustively consider the evidence plaintiff submitted in support of her claim that she earned wages in 1983 and 1986. Contrary to plaintiff's argument, the ALJ did not require her to make that showing by clear and convincing evidence. *See Breeden*, 493 F.2d at 1005-06. Rather, he simply found her evidence not credible. He did not discount her evidence merely because it was comprised of the testimonial recollections of friends and family, *cf id.* at 1004, but rather because the written statements were not only too vague and inconsistent with one another, but also because they had been drafted by plaintiff's husband (Tr. at 33). Similarly, the ALJ did not require plaintiff to

6

disprove her putative employer's wage records, but rather found his testimony regarding when plaintiff worked for him during the years in question not credible given his otherwise "meticulously kept [wage] records." (Tr. at 33). The Act provides that "the absence of an entry in the Commissioner's records as to the wages alleged to have been paid by an employer to an individual during any period in such year shall be presumptive evidence for the purposes of this subchapter that no such alleged wages were paid to such individual in such period." 42 U.S.C. § 405(c)(4)(B). "[T]his presumption survives the offering of contradictory evidence and thereafter may itself constitute substantial evidence that no wages were paid." **Breeden**, 493 F.2d at 1007. The presumption, therefore, was sufficient to support the ALJ's alternative finding in this regard.

Plaintiff next argues that the ALJ erred in finding her impairment not severe at step two of the sequential evaluation. More specifically, she alleges that the ALJ improperly conflated the step two determination of severity, wherein plaintiff need only show that her impairments significantly limit her ability to do basic work activity, *see* 20 C.F.R. § 404.1520(c), with the step three determination of whether and when her impairments reached listing level severity. The ALJ concluded that plaintiff's impairments were presumptively disabling as of February 1, 2002, but before that date were not sufficiently severe to constitute more than a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." **Social Security Ruling 85-28**, 1985 WL 56856 at *3

7

(SSA 1985). *See also Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (noting that claimant's burden to prove that impairment is "severe" under this standard is "de minimis").

Although I agree with plaintiff that with progressive illnesses such as hers, it is unlikely that her condition suddenly became disabling in the way the ALJ's opinion implies, any error in this regard was clearly harmless. The only evidence in the record supporting an onset date[3] prior to plaintiff's date last insured is plaintiff's own allegation that her disability began on June 1, 1988. "[T]he individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence." **Social Security Ruling 83-20**, 1983 WL 31249 at 1 (SSA 1983). There is no medical evidence of record suggesting that plaintiff was disabled prior to her date last insured. *See* 20 C.F.R. § 404.131(b); *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990). Although medical evidence beyond the date last insured may be considered to the extent it sheds light on the nature and severity of plaintiff's condition during the relevant time period, *see Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), none of the medical experts who testified was willing to confirm an onset date any earlier than 1996[4] (*see* Tr. at 507, 514-515, 519-520, 522, 523). Although they agreed that someone who was able to function only within predetermined "safe zones" would not have the ability to function in

---

[3] "The onset date of disability is the first day an individual is disabled as defined by the Act and the regulations." **Social Security Ruling 83-20**, 1983 WL 31249 at *1 (SSA 1983).

[4] Indeed, the earliest onset date that has any conceivable support in the record, even by plaintiff's own problematic mathematics, is 1993. (*See* Tr. at 526.)

the workplace, as described more fully below, nothing but plaintiff's own subjective reports supported the conclusion that she was able to function only within those limited parameters as of her date last insured. The ALJ gave clear, specific reasons why he did not find plaintiff's testimony entirely credible. (*See* Tr. at 40-41.)  *See also White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001) (ALJ's credibility assessment entitled to substantial deference when it is linked to specific evidence in the record). There is, therefore, no basis for reversal on this ground.

Finally, plaintiff claims the ALJ improperly substituted his own judgment for the medical judgment of the examining physicians by discounting their evaluation of plaintiff's psychological symptoms based on his determination that plaintiff was not credible.  *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002); *Nieto v. Heckler*, 750 F.2d 59, 60-61 (10th Cir. 1984). This simply misstates the record. The operative facts on which plaintiff wishes to rely, principally the contention that she established "safe zones" when she moved to Westminster in 1989 and that this circumstance establishes a disabling level of agoraphobia, were not relayed to the examining physicians and, thus, were not part of their diagnoses. (*See* Tr. at 430-431, 432-433; *see also* Tr. at 507.)  Although a doctor's conclusions based on the patient's report of such circumstances as a part of the diagnostic process are entitled to deference, plaintiff's counsel's hypotheticals to the experts which incorporated these alleged limitations are not. A finding of impairment cannot be based merely on the claimant's subjective complaints, *Bernal*, 851 F.2d at 300, and the ALJ was perfectly within the realm of his broad discretion in determining that plaintiff's allegations

9

regarding her functionality and limitations during the operative time period were not credible to the degree alleged.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated January 26, 2007, at Denver, Colorado.

          **BY THE COURT:**

          **s/ Robert E. Blackburn**
          **Robert E. Blackburn**
          **United States District Judge**